# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CRYSTAL COVINGTON,** *Plaintiff* § § § | |
| **v.** § § § | **Case No. 1:22-CV-00864-RP-SH** |
| **ALEJANDRO MAYORKAS,** *Defendant* § § | |

## ORDER

Before the Court are Plaintiff Crystal Covington's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), Motion for Evidentiary Hearing (Dkt. 3), and Motion for Appointment of Counsel (Dkt. 5), all filed August 23, 2022. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

### I. Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at

1

the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, the Court orders Plaintiff to file a More Definite Statement before the Court can complete its review under § 1915(e)(2). Therefore, service on Defendant should be withheld pending the Court's review of the More Definite Statement.

## II. Frivolousness Review Under Section 1915(e)(2)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff claims that she was discriminated against by the Department of Homeland Security, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Plaintiff asserts that Defendant harassed her, failed to promote her, and terminated her employment based on her race, color, disability, and prior complaints of discrimination. In support of these

claims, Plaintiff alleges she experienced "work performance scrutiny" on two occasions after filing an internal complaint. Dkt. 1 at 3. Plaintiff further alleges that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), the EEOC reached a final determination in her case, and she received a right-to-sue letter from the EEOC on July 22, 2022.

In order for the Court to determine whether Plaintiff has alleged plausible claims, Plaintiff is **ORDERED** to file a More Definite Statement that, at a minimum, addresses the following issues:

1. Plaintiff must clarify whether she is bringing claims for race and disability-based discrimination or if she is only pursuing a retaliation claim under Title VII.

2. If Plaintiff seeks to bring race- and disability-based discrimination claims, she must provide additional facts to support these claims.

3. Plaintiff is instructed to include as an attachment (1) the EEOC's final determination and (2) the right-to-sue letter referenced in her Complaint.

### III.  Conclusion

Based on the foregoing, the Court **GRANTS** the Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff to file a More Definite Statement consistent with the instructions above by **November 18, 2022**. The Court warns Plaintiff that failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed.

**SIGNED** on November 2, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE