# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CRYSTAL COVINGTON,<br>*Plaintiff* | §<br>§<br>§ |
| v. | § |
| ALEJANDRO MAYORKAS,<br>*Defendant* | §<br>§<br>§<br>§ |

Case No. 1:22-CV-00864-RP-SH

## ORDER

Now before the Court are Plaintiff Crystal Covington's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), Motion for Evidentiary Hearing (Dkt. 3),[1] and Motion for Appointment of Counsel (Dkt. 5), all filed August 23, 2022; and Plaintiff's More Definite Statement & EEOC Right to Sue Notice, filed November 18, 2022 (Dkt. 7). The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

### I.   Frivolousness Review Under Section 1915(e)(2)

On November 2, 2022, the Court granted Plaintiff *in forma pauperis* status after determining that she is indigent. Dkt. 6. The Court also ordered Plaintiff to file a More Definite Statement so that the Court could complete a review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* Plaintiff's More Definite Statement is sufficient for frivolousness review.

---

[1] Because Plaintiff's Motion for Evidentiary Hearing asks only that the Court "provide evidence in this case," the Motion is denied.

1

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that her employment with the Federal Emergency Management Agency, a federal agency within the Department of Homeland Security ("DHS"), was terminated as a "reprisal for participating in protected EEO activity." Dkt. 7 at 1. Plaintiff alleges that she "was subjected to work performance scrutiny, workplace hostility when members of FEMA & FIMA management corroborated a narrative that she was AWOL-defaming her character/reputation, and job termination." *Id.*

Plaintiff has filed records related to her complaints before DHS and the Equal Employment Opportunity Commission ("EEOC"). These include a Decision issued by the EEOC (the "EEOC Decision") determining that Plaintiff established discrimination with respect to some of her claims.

*Id.* at 12.[2] Notice of the EEOC Decision was mailed to Plaintiff on September 9, 2021. *Id.* at 17. The EEOC Decision also directed DHS to conduct a supplemental investigation regarding Plaintiff's request for compensatory damages. *Id.* at 12. On June 14, 2022, DHS issued a Decision on Compensatory Damages and Attorneys' fees (the "Final Agency Decision") awarding Plaintiff pecuniary and non-pecuniary compensatory damages and attorneys' fees. *Id.* at 605. Notice of the Final Agency Decision was mailed to Plaintiff on June 22, 2022. *Id.* at 614.

Before suing in federal court, federal employees must exhaust their administrative remedies by filing a discrimination complaint with the agency. 29 C.F.R. § 1614.105(a)(1), (d). Following an agency's final decision, the employee may appeal to the EEOC or, in the alternative, may proceed directly to federal court. 29 C.F.R. §§ 1614.401(a), 1614.407(a), (c). The employee must file suit "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a), or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit." 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c).

Plaintiff filed an internal complaint with DHS and filed this suit within 90 days of receiving notice of the Final Agency Decision. The Court therefore finds that any claims challenging the Final Agency Decision are timely under the statute and that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned Magistrate Judge does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

---

[2] Plaintiff requested reconsideration of the EEOC Decision, which was denied on February 8, 2022. Dkt. 7 at 21.

## II. Motion to Appoint Counsel

Plaintiff also moves for appointment of counsel. Dkt. 5. In deciding whether to appoint counsel in a Title VII case, the Court considers: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. *Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). No one factor is conclusive. *Id.* (citing *Gonzalez*, 907 F.2d at 580). Courts also consider the plaintiff's ability to litigate the case without the assistance of an attorney. *Semmes v. USAA*, No. 20-CV-00634, 2020 WL 10758048, at *1 (W.D. Tex. Oct. 6, 2020) (citing *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166-67 (5th Cir. 1990)).

The Fifth Circuit Court of Appeals has held that a determination of the EEOC is "highly probative" of the merits of a plaintiff's case. *Gonzalez*, 907 F.2d at 580. Courts have held that final agency decisions carry similar weight. *Johnson-Caldwell v. McCarthy*, No. 19-CV-00282, 2020 WL 10353927, at *2 (W.D. Tex. Sept. 14, 2020). Although Plaintiff was successful on some of her claims before the EEOC and DHS awarded Plaintiff some of the damages she requested, the decisions are highly probative of her success on the claims that the EEOC and DHS denied. The Court therefore finds that the first factor weighs against appointment of counsel.

With respect to the second factor, Plaintiff must show she has been "reasonably diligent" in her attempts to retain counsel. *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995). This requires, "at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Cobb v. Kendall*, No. 3:22-CV-1867-B-BH, 2022 WL 4538310, at *1 (N.D. Tex. Aug. 31, 2022) (quoting *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999)). In considering a plaintiff's attempts to secure counsel, courts have stated that "Title VII awards the prevailing party her attorney's fees and that contingent fee arrangements are not uncommon in the civil rights field." *Scott v. Youth & Fam. All.*, No. 19-CV-845-LY-ML, 2019

WL 13027114, at *1 (W.D. Tex. Nov. 4, 2019) (internal quotations omitted). Plaintiff indicates that she contacted one legal aid association but has demonstrated no effort to obtain a private attorney or pursued a contingent fee arrangement. The Court finds that the efforts undertaken by Plaintiff to obtain representation also weigh against appointment of counsel.

As to the third factor, Plaintiff's ability to afford counsel, Plaintiff "need not make a substantial showing of poverty as is required when moving to proceed *in forma pauperis*." *Id.* (citing *Lee*, 882 F. Supp. at 593). Plaintiff has been granted *in forma pauperis* status. As stated above, courts in this District have considered that "the majority of local private plaintiff employment attorneys take these types of cases on a contingent-fee basis" and found that a plaintiff's "financial status doesn't necessarily warrant appointment of an attorney." *Semmes*, 2020 WL 10758048, at *2. Nonetheless, because Plaintiff is indigent, the Court finds that the third factor weighs in favor of appointing counsel.

Finally, the Court considers Plaintiff's ability to litigate this case without assistance of an attorney. Plaintiff is a college graduate and thus far has demonstrated the ability to represent herself, indicating that she is able litigate this case without court-appointed counsel.

Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3) without prejudice. Plaintiff may renew her request if the case survives dismissal and enters a phase more challenging for a *pro se* party.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** the Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** the Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefore, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **DENIES** Plaintiff's Motion for Evidentiary Hearing (Dkt. 3) and Motion for Appointment of Counsel (Dkt. 5).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 29, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE