IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL COVINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-864-RP |
| | § | |
| ALEJANDRO MAYORKAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Alejandro Mayorkas's ("Defendant") motion for summary judgment on Plaintiff Crystal Covington's ("Plaintiff") sole remaining claim of retaliation based on her termination. (Dkt. 44). Plaintiff filed a response in opposition, (Dkt. 45),[1] and Defendant filed a reply, (Dkt. 46). Having considered the parties' arguments, the evidence, and the relevant law, the Court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff, a former employee of the Federal Emergency Management Agency ("FEMA"), a component of the Department of Homeland Security ("DHS"), filed suit against Defendant, in his capacity as Secretary of DHS, alleging that she suffered discrimination in violation of Title VII of the Civil Rights Act of 1964 and Section 501 of the Rehabilitation Act of 1973. In her Amended Complaint, Plaintiff alleged eleven instances of discrimination:

1. Claim 1: On October 16, 2016, May 19–21, 2017, and July 23–27, 2017, FEMA failed to provide her a reasonable accommodation number to "properly remit payment for on-duty travel expenses" associated with her service animal;

2. Claim 2: On June 14, 2017, Plaintiff did not receive approval for a training opportunity;

---

[1]Plaintiff's response in opposition to Defendant's motion also contained a one-page motion for summary judgment. (Dkt. 45, at 2). The Court construes Plaintiff's submission solely as a response in opposition to Defendant's motion, as Plaintiff's purported motion was not timely filed, nor was it accompanied by a motion for leave to file. Further, Plaintiff attaches no evidence to her purported motion.

3.  Claim 3: On June 26, 2017, Plaintiff's supervisor requested that she be released from an on-duty assignment;

4.  Claim 4: On June 26, 2017, Plaintiff was released from an on-duty assignment;

5.  Claim 5: From July 6, 2017 to September 27, 2017, Plaintiff's supervisor "harassed, bullied, reprimanded, and scrutinized her work performance" through email;

6.  Claim 6: On or about July 11, 2017, Plaintiff was "harassed, bullied, reprimanded, and had her work performance scrutinized on a performance review call";

7.  Claim 7: On August 1, 2017, management denied Plaintiff a training opportunity;

8.  Claim 8: From August 10, 2017 to September 27, 2017, Plaintiff's supervisor denied her "any work assignments beyond training";

9.  Claim 9: From August 10, 2017 to September 27, 2017, Plaintiff was denied deployment opportunities;

10. Claim 10: On August 11, 2017, Plaintiff was denied a locality pay increase; and

11. Claim 11: On September 27, 2017, Plaintiff was terminated.

(Dkt. 19, at 2–6). Plaintiff's Amended Complaint seeks compensatory damages, back pay, front pay, and attorney's fees. (*Id.* at 7).

Before suing, Plaintiff contacted an Equal Employment Opportunity Counselor on June 26, 2017, and filed a formal complaint on August 11, 2017. (*Id.* at 1). She asserted the same eleven claims in the administrative proceedings as she brought in this suit. (Dkt. 17-2, at 3–4). During the investigation, DHS's Office of Civil Rights and Civil Liberties ("CRCL") ordered FEMA to conduct a supplemental investigation into Plaintiff's allegations that FEMA denied her a reasonable accommodation, work assignments, deployments, and a locality pay increase (claims 1, 8, 9, and 10), but FEMA did not do so. (Dkt. 17-1, at 8). Consequently, CRCL drew an adverse inference against FEMA and found that FEMA discriminated against Plaintiff on those claims (1, 8, 9, and 10). (*Id.* at 8–9). CRCL found that Plaintiff did not prove her remaining claims. (*Id.* at 13). After Plaintiff appealed the decision, the Equal Employment Opportunity Commission ("EEOC") affirmed and

denied her motion for reconsideration. (Dkts. 17-3, 17-4). CRCL awarded Plaintiff $903.99 in

pecuniary compensatory damages, $10,000 in non-pecuniary compensatory damages, and $6,285.28

in attorney's fees. (Dkt. 17-5).

Plaintiff initiated the instant suit on August 23, 2022. (Dkt. 1). Defendant moved to dismiss

the complaint on February 10, 2023, (Dkt. 17), and Plaintiff filed a Response and Rebuttal Against

Defendant's Motion to Dismiss and Amended Complaint on February 28, 2023. (Dkt. 19). The

Court referred the motion to dismiss to United States Magistrate Judge Susan Hightower for a

report and recommendation. (Text Order dated Apr. 20, 2023). On June 27, 2023, Judge Hightower

"opt[ed] to evaluate Defendant's Motion to Dismiss based on the facts alleged in Plaintiff's amended

complaint." (R. & R., Dkt. 24, at 4). Judge Hightower recommended dismissing all of Plaintiff's

claims in the Amended Complaint, with the exception of her retaliation claim based on the

termination of her employment. (*Id.* at 13). On July 20, 2023, the Court adopted Judge Hightower's

report and recommendation. (Order, Dkt. 28). Accordingly, only Plaintiff's retaliation claim for

termination of her employment remains. (*Id.* at 2).

On May 15, 2024, Defendant filed his motion for summary judgment on the remaining

claim, attaching a declaration from Plaintiff's supervisor, Candita Sabavala. (Dkt. 44). Plaintiff filed a

response in opposition, (Dkt. 45), and Defendant filed a reply, (Dkt. 46). On June 10, 2024, the

parties filed a joint motion for settlement conference, (Dkt. 47), which the Court granted, (Order,

Dkt. 48). However, mediation before United States Magistrate Judge Dustin Howell was

unsuccessful. (Report, Dkt. 52). The Court now rules on Defendant's motion for summary

judgment on Plaintiff's retaliation claim based on the termination of her employment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations omitted). When reviewing a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party does not bear the ultimate burden of proof, after it has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). When the movant bears the burden of proof, she must establish all the essential elements of her claim that warrant judgment in her favor. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In such cases, the burden then shifts to the non-moving party to establish the existence of a genuine issue for trial. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves*, 530 U.S. at 150. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the

non-movant is required to identify specific evidence in the record and to articulate the precise

manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d

156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in

search of evidence" to support the non-movant's opposition to the motion for summary judgment.

*Id.* After the non-movant has been given the opportunity to raise a genuine factual issue, if no

reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin*

*All. v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

Defendant moves for summary judgment on Plaintiff's retaliation claim, arguing that

Plaintiff cannot establish a prima facie case of retaliation. (Mot., Dkt. 44, at 5–10). In response,

Plaintiff argues that she has stated a prima facie case of retaliation. (Resp., Dkt. 45, at 1–2). Then,

Defendant argues that even if Plaintiff has stated a prima facie case of retaliation, Defendant has

established a legitimate non-retaliatory basis for Plaintiff's termination, and Plaintiff offers no

evidence that the basis is pretextual. (Reply, Dkt. 46, at 2–3).

Title VII's anti-retaliation provision prohibits employers from "discriminat[ing] against" an

employee "because [s]he has opposed any practice made an unlawful employment practice" by Title

VII or "because [s]he has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima

facie case of retaliation, Plaintiff must meet the initial burden of showing that: "(1) [she] engaged in a

protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and

(3) there exists a causal link connecting the protected activity to the adverse employment action."

*Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 618 (5th Cir. 2020). Once the plaintiff meets her initial

burden, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason"

for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If the employer proffers a

legitimate, nondiscriminatory reason, the burden then returns to the plaintiff to prove that the

employer's reason is pretext for unlawful discrimination. *See Septimus v. Univ. of Hous.*, 399 F.3d 601,

607 (5th Cir. 2005).

The Court has already found, and Defendant does not dispute in its motion, that Plaintiff

has established the first two elements of retaliation; Plaintiff engaged in protected activity under

Title VII by filing a complaint with the EEOC, and she suffered an adverse employment action

when she was terminated. (R. & R., Dkt. 24, at 12; Order, Dkt. 28). The only disputed element of

Plaintiff's claim is the third: whether there exists a causal link between her protected activity and the

adverse employment action.

The Court finds Plaintiff has presented sufficient evidence of a causal link between her

protected activity and her termination. A causal link is established when the evidence demonstrates

that "the employer's decision to terminate was based in part on knowledge of the employee's

protected activity." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). Plaintiff's response

lists only (1) the temporal proximity between her protected activity and her termination and (2) the

CRCL Final Agency Decision under the heading 'Causal Connection" to support an inference of a

causal connection. (Resp., Dkt. 45, at 1). However, the Court recognizes that later in her response,

Plaintiff identifies a conflict in evidence regarding her supervisor's knowledge of Plaintiff's

complaint to the EEOC. (Resp., Dkt. 45, at 2). Defendant's leading argument is that Plaintiff's

supervisor, Sabavala, did not know that Plaintiff's complaint was in part about Sabavala herself, and

therefore Sabavala's decision to terminate Plaintiff could not have been retaliatory. (Mot., Dkt. 44, at

6; Sabavala Decl., Dkt. 44–1, ¶ 6). However, Plaintiff's evidence shows, and Defendant also

acknowledges, that Sabavala was aware of Plaintiff's complaint and contact with the EEOC

generally. (Sabavala Affidavit, Dkt. 7, F-3, at 4; Mot., Dkt. 44, at 6). Further, Plaintiff's evidence

shows that Sabavala knew about this activity as early as June of 2017, in advance of Plaintiff's

termination. (Sabavala Affidavit, Dkt. 7, F-3, at 4). Sabavala's knowledge of Plaintiff's protected

activity, at all, is evidence of a causal link. *See Eberle v. Gonzales*, 240 F. App'x 622, 629 (5th Cir.

2007). A reasonable trier of fact could find that Sabavala was motivated to terminate Plaintiff in

retaliation for Plaintiff's complaint generally, regardless of whether Sabavala knew the complaint was

about Sabavala specifically. Therefore, sufficient evidence exists to create a genuine issue of material

fact as to whether Sabavala's decision was based at least in part on her knowledge of Plaintiff's

complaint.[2] So, the Court finds Plaintiff carried her burden to present a prima facie case of

retaliation.

Under the burden shifting structure set out in *McDonnell Douglas*, Defendant then has the

burden of presenting evidence of a legitimate non-retaliatory reason for Plaintiff's termination. 411

U.S. at 802. The Fifth Circuit has held that evidence of poor work performance satisfies Defendant's

burden. *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 455 (5th Cir. 2013); *Medina*

*v. Ramsey Steel Co.*, 238 F.3d 674, 684–85 (5th Cir. 2001). Here, Defendant presents evidence of non-

retaliatory, performance-related reasons for Plaintiff's termination such as disregard for FEMA

policies after counseling by her supervisor, failure to follow instructions, and being absent without

leave. (Sabavala Decl., Dkt. 44–1, ¶¶ 4–5). More, Defendant's evidence shows that these reasons

began to manifest in May of 2017, before Plaintiff first contacted the EEOC. (Sabavala Decl., Dkt.

44–1, ¶ 1). Therefore, the Court finds that Defendant has carried its burden.

Now, to avoid summary judgment, Plaintiff must present evidence to show that Defendant's

non-retaliatory reasons for her termination are pretextual. *Feist*, 730 F.3d at 455. Plaintiff is required

to rebut each of the nondiscriminatory reasons Defendant offers. *Jackson v. Watkins*, 619 F.3d 463,

467 (5th Cir. 2010). In her response, Plaintiff states that "inconsistent explanations," "deviation

---

[2]Because the Court finds the conflicting evidence regarding Sabavala's knowledge of Plaintiff's complaint sufficient to create a genuine issue of fact regarding a causal link, the Court does not address Defendant's argument regarding relying on temporal proximity alone.

from procedures," and "comparative treatment" suggest Defendant's reasons are pretextual, but

Plaintiff offers no evidence to support these statements. (Resp., Dkt. 45, at 1). Plaintiff's subjective

belief that Defendant's reasons are pretextual, without supporting evidence, is insufficient to carry

Plaintiff's burden. *See Feist* 730 F.3d at 455. Since Plaintiff has not carried her burden on evidence of

pretext, summary judgment is appropriate. *See Jackson,* 619 F.3d at 467. The Court finds Defendant

is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment, (Dkt.

44). Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

The Court will enter final judgment by separate order.

**SIGNED** on October 10, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE